Third Department, April, 1941.

(April 28, 1941.)

Velma Harriet Warner, Appellant, v. City of Albany, Respondent.— Motion for leave to prosecute appeal as a poor person on typewritten record granted. Motion to dismiss appeal granted unless appellant perfects appeal, files and serves record and brief on or before August 16, 1941, and is ready for argument at the September Order and General Calendar Term of this court, commencing September 22, 1941, in which event the motion is denied. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

William H. Warner, Appellant, v. City of Albany, Respondent.— Motion for leave to prosecute appeal as a poor person on typewritten record granted. Motion to dismiss appeal granted unless appellant perfects appeal, files and serves record and brief on or before August 16, 1941, and is ready for argument at the September Order and General Calendar Term of this court, commencing September 22, 1941, in which event the motion is denied. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

(April 30, 1941.)

Catherine F. Laughlin, as Administratrix, etc., of Hugh E. Laughlin, Deceased, Respondent, v. The New York Power & Light Corporation, Appellant.

Judgment and order appealed from affirmed, with costs.

Crapser, Heffernan and Foster, JJ., concur; Schenck, J., dissents, in an opinion, in which Hill, P. J., concurs.

Schenck, J. (dissenting). On May 23, 1938, Hugh E. Laughlin, plaintiff's intestate, was engaged in the employment of the water works department in the city of Troy, N. Y. In the early morning of that day, he was one of the crew searching for a leak in a water main. It was found necessary for one of the crew to enter a manhole leading to a vault through which the water main in question ran at or near the corner of One Hundred and Twenty-first street and Third avenue. This was necessary because inspection near the site of the leak indicated that the valves in the main at the point in question had to be turned to control the flow of water and thus enable repairs to be made to the leak. Accordingly, plaintiff's intestate entered the vault through the manhole at the point above indicated. He did not reappear, however, after a short while and another member of the crew went into the vault. He was seen to collapse. The fire alarm was sounded. A battalion chief and a fireman succeeded in rescuing the second member of the crew alive, but plaintiff's intestate was dead when removed. It is not disputed that the cause of death was carbon monoxide poisoning.

A large water main, the valves to which were the object of the deceased's attention when he was overcome, was the only main or pipeline running through